Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Cole Connors*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLE CONNORS,<br><br>　　Plaintiff,<br><br>v.<br><br>DAVIS AUTO SPORTS, LLC,<br><br>　　Defendant. | Case No.: 2:21-cv-05897<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*<br>2. Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*<br>3. Promissory Estoppel<br>4. Breach of Contract<br>5. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>6. Conversion |

　　Plaintiff Cole Connors, by and through the undersigned counsel, alleges the following against Defendant Davis Auto Sports, LLC ("DAS"):

///

///

///

1

## INTRODUCTION

1. Count I of Plaintiff's Complaint arises from violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, which provides legal remedies to consumers in California who have suffered harm as a result of certain deceptive business practices.

2. Count II of Plaintiff's Complaint arises from violations of the Unfair Competition Law, California Bus. & Prof. Code § 17200 *et seq.*, specifically the restrictions against false advertising.

3. Count III of Plaintiff's Complaint is based upon the common law doctrine of promissory estoppel.

4. Count IV of Plaintiff's Complaint is based upon Defendant's breach of contract.

5. Count V of Plaintiff's Complaint is based upon Defendant's breach of the covenant of good faith and fair dealing.

6. Count VI of Plaintiff's Complaint is based upon Defendant's conversion of Plaintiff's property.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

9. Plaintiff is a natural person residing in California.

10. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1761(d).

11. Defendant DAS is a "person" as defined by Cal. Civ. Code § 1761(c), Cal. Bus. & Prof. Code § 17021, and Cal. Bus. & Prof. Code § 17506.

12. Defendant is a car dealership and auto shop in the business of customizing, restoring, servicing, and selling rare and specialty vehicles. Defendant's principal place of business is located at 104 Roxbury Industrial Center, Charles City, Virginia 23030.

## FACTUAL ALLEGATIONS

13. In or around September 2020, Plaintiff spoke with DAS about services relating to the restoration/build of Plaintiff's vehicle, a Jeep.

14. Plaintiff and DAS agreed that DAS would restore Plaintiff's Jeep in exchange for $35,399.00.

15. DAS represented to Plaintiff that the services to the Jeep would take approximately three to six months to complete.

16. On or about October 19, 2020, Plaintiff's Jeep was transported from California, where Plaintiff resides, to Defendant's location in Virginia.

17. On or about October 29, 2020, Plaintiff wired the full amount of money, $35,399.00, to Defendant for its services.

18. In or around March 2021, Plaintiff reached out to DAS multiple times, seeking an update on the progress of the service. DAS did not respond.

19. On or about April 13, 2021, Plaintiff reached out to DAS again for an update on Plaintiff's Jeep. DAS again did not respond.

20. On or about April 23, 2021, Plaintiff reached out to DAS for a third time asking for an update on the service. DAS responded, stating that the Jeep was being worked on.

21. On or about May 2, 2021, Plaintiff purchased airline tickets from California to Virginia to personally check on his vehicle and Defendant's progress on the restoration.

22. On or about May 3, 2021, Plaintiff arrived at Defendant's location and observed that his Jeep had not been worked on and no services whatsoever had been provided.

23. Plaintiff's Jeep was parked on Defendant's lot without any services or restoration having been rendered, despite the repeated representations by DAS that the services were being done.

24. Upon discovery of his untouched Jeep, Plaintiff attempted to retrieve his vehicle from Defendant, but Defendant refused to relinquish the vehicle, stating that parts had been ordered.

25. Plaintiff asked Defendant to provide proof of purchase of the ordered parts, but Defendant was unable to provide any documentation.

26. Plaintiff was unable to get his Jeep from Defendant until he enlisted the help of the local sheriff, upon notice of which Defendant released the Jeep back to Plaintiff.

27. Plaintiff decided to engage with DAS because of the representations DAS made regarding the restoration/build of the Jeep, none of which actually came true.

28. DAS used deceptive representations to persuade Plaintiff to engage DAS's services.

29. DAS advertised its services in connection with the restoration/build of the Jeep without ever intended to provide the services to Plaintiff as initially advertised.

30. As a result of Defendant's conduct, Plaintiff has suffered significant emotional and mental pain and anguish, including but not limited to, stress, headaches, anxiety, nervousness, confusion, and fear.

31. Plaintiff also incurred substantial out-of-pocket cost in attempting to remedy Defendant's failure to perform under the terms of the agreement, including paying for vehicle shipment from California to Virginia and back, purchasing air travel from California to Virginia and back, purchasing temporary lodging in Virginia, and servicing his Jeep himself upon reacquiring it from Defendant, as it had gone unattended for the many months it was in Defendant's care.

32. Defendant is additionally still in possession of Plaintiff's initial payment of $35,399, which it has refused to refund to Plaintiff.

33. Upon information and belief, Defendant regularly engages in unfair, deceptive acts and practices in sale of goods, the lease of goods, and the services to consumers.

### COUNT I
**Violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*.**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant's conduct violated the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*. Defendant violated the following sections, including, but not limited to:

a. Cal. Civ. Code § 1750(a)(3), prohibiting the misrepresentation of the affiliation, connection, or association with, or certification by, another;

b. Cal. Civ. Code § 1750(a)(5), prohibiting the representation that good or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

c. Cal. Civ. Code § 1750(a)(7), prohibiting the representation that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

d. Cal. Civ. Code § 1750(a)(9), prohibiting the advertisement of goods or services with intent not to sell them as advertised;

e. Cal. Civ. Code § 1750(a)(10), prohibiting the advertisement of goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity;

f. and Cal. Civ. Code § 1750(a)(16), prohibiting the representation that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

36. Under Cal. Civ. Code § 1780(a), Defendant's violations of the law render it liable for the actual damages Plaintiff has suffered.

37. Defendant may also be subjected to an order enjoining Defendant from engaging in the aforementioned methods, acts, or practices.

38. Plaintiff may also recover restitution of his property from Defendant, as well as punitive damages.

39. Plaintiff is also entitled to court costs and his attorney's fees.

## COUNT II
**Violations of the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq*.**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Under the Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, Defendant exposes itself to liability for its violations of § 17500 *et seq*.

42. Defendant engaged in unfair competition, in violation of the UCL, by engaging in the following conduct considered false advertising:

    a. Violating Bus. & Prof. Code § 17500, which makes it unlawful for any person with the intent to perform services to make or disseminate or cause to be made or disseminated before the public in California any statement concerning those services which is untrue or misleading and known, or should have been known, to be untrue or misleading.

43. Under Bus. & Prof. Code § 17203, Defendant's unfair competition renders it liable for restitution to be delivered to Plaintiff, as well as injunctive relief enjoining Defendant from engaging in its false advertising.

## COUNT III
**Promissory Estoppel**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Under California Law, an allegation of promissory estoppel is made when the plaintiff alleges (1) defendant made a clear and unambiguous promise; (2) the plaintiff relied on that promise; (3) the reliance was reasonable and foreseeable; and (4) plaintiff was damaged as a result. *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225, 120 Cal. Rptr. 3d 507 (Cal. Ct. App. 2011).

46. Defendant clearly and unambiguously promised that service on Plaintiff's Jeep would be completed in exchange for payment of $35,399.

47. Defendant clearly and unambiguously promised that service on Plaintiff's Jeep would be completed within 3-5 months.

48. Plaintiff reasonably and foreseeably relied upon those promises in submitting both $35,399 and his Jeep to Defendant, and Defendant made the promises in order to induce Plaintiff into submitting payment.

49. Defendant's failure to follow through on its promise economically harmed Plaintiff and caused Plaintiff loss of use of his vehicle for an extended period of time.

50. As a result of Defendant's misconduct, Plaintiff is entitled to recovering compensatory damages including but not limited to the full refund of the payment submitted, the out-of-pocket costs he incurred in retrieving his vehicle, and damages for the emotional distress and mental pain and anguish he suffered.

## COUNT IV
## Breach of Contract

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. A breach of contract is "the wrongful, i.e., the unjustified or unexcused, failure to perform the terms of a contract." *Chen v. PayPal, Inc.*, 61 Cal. App. 5th 559, 570, 275 Cal. Rptr. 3d 767 (2021) (citing 1 Witkin, Summary of Cal. Law (11th ed. 2017) Contracts, § 872, p. 919).

53. Plaintiff and Defendant entered into a contract by which Defendant agreed to service Plaintiff's Jeep.

54. Defendant breached this contract by failing to service Plaintiff's Jeep.

55. Defendant's breach of the contract caused harm to Plaintiff for which Defendant should pay.

56. The harm includes the out-of-pocket costs suffered by Plaintiff, and, including but not limited to, the emotional distress and mental pain and anguish suffered by Plaintiff.

## COUNT V
## Breach of the Implied Covenant of Good Faith and Fair Dealing

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Under California law, "[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal. 4th 390, 400, 97 Cal. Rptr. 2d 151, 159, 2 P.3d 1, 8 (2000).

59. Defendant failed to act in good faith throughout its exchanges with Plaintiff, and thereby injured the right of Plaintiff to receive the benefits of the agreement.

60. On several occasions, Plaintiff reached out to Defendant in order to check in on its performance of their agreement. Defendant ignored these communications, leaving Plaintiff in the dark regarding the status of his vehicle.

61. On or about April 23, 2021, Defendant falsely represented to Plaintiff that his Jeep was being worked on, when in fact service had not started and parts had not yet been ordered and/or arrived.

62. Because of Defendant's lack of communication to Plaintiff and failure to respond to communications by Plaintiff regarding the vehicle, Plaintiff had to personally travel to Defendant's location, where he discovered Defendant's failure to perform under its contractual obligations.

63. Plaintiff and Defendant entered into a contract.

64. Plaintiff did all, or substantially all of the significant things that the contract required him to do (paying the cost of the services to Defendant).

65. All the conditions required for Defendant's performance had occurred.

66. Defendant unfairly interfered with Plaintiff's right to receive the benefits of the contract.

67. As a result, Plaintiff was harmed by Defendant's conduct.

68. Defendant is liable to Plaintiff for compensatory damages, including Plaintiff's expenses in travelling to and from Defendant's location.

## COUNT VI
**Conversion**

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. In California, the elements of a conversion claim are "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mendoza v. Cont'l Sales Co.*, 140 Cal. App. 4th 1395, 1405, 45 Cal. Rptr. 3d 525, 533 (2006).

71. Defendant wrongfully converted Plaintiff's Jeep. When Plaintiff travelled to Defendant's location and discovered that Defendant had failed to perform any work on Plaintiff's vehicle, Plaintiff attempted to possess his vehicle.

72. Defendant refused to return the Jeep to Plaintiff and refused to return the Jeep.

73. It was not until Plaintiff obtained the help of a law enforcement officer that he was able to recover his vehicle.

74. During the time that Defendant wrongfully possessed Plaintiff's vehicle, Plaintiff could not travel without incurring additional cost.

75. Defendant has also converted a sum of money owned by Plaintiff. When Defendant failed to perform its contractual obligations, Plaintiff sought to repossess the money that had been paid to Defendant.

76. Independent of Defendant's failure to service Plaintiff's Jeep, Defendant has also wrongfully maintained possession of a sum of Plaintiff's money equaling his initial payment to Defendant.

77. Defendant is liable to Plaintiff for the full amount of $35,399, as well as compensatory damages relating to Plaintiff's loss of use of his Jeep following Defendant's nonperformance of its contractual duties and the costs incurred in attempting to recover his Jeep.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cole Connors prays that this Court enter Judgment in his favor and against Defendant Davis Auto Sports, LLC, as follows:

a. Actual damages pursuant to Cal. Civ. Code § 1780(a)(1);

b. An order enjoying the methods, acts, or practices of Defendant pursuant to Cal. Civ. Code § 1780(a)(2);

c. Restitution of Plaintiff's property pursuant to Cal. Civ. Code § 1780(a)(3);

d. Punitive damages pursuant to Cal. Civ. Code § 1780(a)(4);

e. Treble actual damages pursuant to Cal. Civ. Code § 1780(c);

f. Court costs and attorney's fees pursuant to Cal. Civ. Code § 1780€;

g. An award of actual damages including any compensatory, incidental, or consequential damages commensurate with proof at trial for the acts complained of herein;

h. Any pre- and post-judgment interest on any amounts awarded herein at the maximum rate from the date of its rendition until paid in full, as allowed by law;

i. An award of attorneys' fees and court costs incurred in bringing this action; and

j. Any and all equitable relief and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues so triable.


Respectfully submitted this 21st day of July 2021.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Cole Connors*